ORBAN *v.* UNION GUARDIAN TRUST CO.

1. Fraud—Prompt Action Required.

    Mortgagors under trust mortgage, who claim to have been defrauded, must act promptly to avail themselves of any remedy for fraud.

2. Mortgages—Trust Mortgages—Accounting—Foreclosure.

    Mortgagors under trust mortgage who claimed original trustee thereunder improperly paid out $20,500 during construction of building, but nevertheless accepted the building, rented it and subsequently retired $29,000 of $80,000 worth of bonds secured by mortgage *held*, not entitled to accounting by successor trustee for sum claimed to have been wrongfully paid out by original trustee after unappealed disallowance of claim for $27,000 against receiver of original trustee, since the matter of claimed fraud has been finally adjudicated.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 14, 1937. (Docket No. 20, Calendar No. 39,404.) Decided November 10, 1937.

Bill by John Orban and wife against Union Guardian Trust Company for an accounting upon a trust mortgage and other relief. Cross-bill by defendant against plaintiffs for foreclosure and other relief. Decree for defendant on cross-bill. Plaintiffs appeal. Affirmed.

*John D. Lynch,* for plaintiffs.

*Harold R. Martin,* for defendant.

Potter, J. Plaintiffs, owning valuable real estate in the city of Detroit, being desirous of erecting a

building thereon, June 15, 1926, executed senior bonds in the aggregate amount of $65,000 and junior bonds in the aggregate amount of $15,000. To secure the payment of these bonds, they made, executed and delivered to the Guaranty Trust Company a trust mortgage. On May 24, 1932, they filed a bill of complaint against the Union Guardian Trust Company, successor of the Guaranty Trust Company, as trustee under the mortgage indenture, for an accounting; to establish a credit on said mortgage for an amount which they claim was improperly paid out by the Guaranty Trust Company to be determined by said accounting; and a reduction of the mortgage indebtedness by the amount of the credit to which they should be found to be entitled. Defendant answered by way of cross-bill and asked for foreclosure of the trust mortgage. Plaintiffs, by way of answer to the cross-bill of defendant, claim they are entitled to a credit of $20,500 to remedy defective construction to make the building comply with the plans and specifications for its construction, claiming the Guaranty Trust Company improperly paid out $20,500 for which they received no consideration. The testimony shows that during the erection of the building there was some complaint by plaintiffs of defective construction but it is claimed this defective construction was remedied. It is admitted the trustee paid out the total amount of $80,000 in full. Plaintiffs took possession of the building in 1927 and rented the same continuously from that time until after the filing of the bill of complaint herein. During the time they had possession of the premises, they paid the interest upon the mortgage indebtedness, paid and retired the $15,000 in par amount of junior bonds and $14,000 in par amount of senior bonds. The Guaranty Trust

Company, in July, 1931, was placed in the hands of receiver and notice was given to all creditors of the Guaranty Trust Company to present their claims against it, and plaintiffs filed a claim in the amount of approximately $27,000 against the Guaranty Trust Company, which claim was disallowed and no appeal taken.

If plaintiffs were defrauded, they must have acted promptly in order to avail themselves of any remedy for fraud. The undisputed proofs show they accepted the building, rented it and collected the rents, income and profits therefrom. They recognized the validity of the mortgage and paid and retired $15,000 in junior bonds and $14,000 in senior bonds, or $29,000 of the total of $80,000 in par amount of bonds issued. They presented their claim against the Guaranty Trust Company in the amount of approximately $27,000 covering the same items here involved and this claim was disallowed; and from the order disallowing the same no appeal was taken and its disallowance became to all intents and purposes a final adjudication of plaintiffs' rights. Plaintiffs are not entitled to the relief claimed. Defendant is entitled to a decree foreclosing the mortgage.

Decree of the trial court is affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.